IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:20-cr-00033 |
| | ) | Judge Aleta A. Trauger |
| TAVARIS BETTS | ) | |

**MEMORANDUM and ORDER**

Defendant Tavaris Betts seeks a ruling that Tennessee aggravated burglary in violation of Tenn. Code Ann. § 39-14-403 (2016)[1] does not qualify as a violent felony for purposes of the Armed Career Criminal Act (ACCA). The court finds that it is required by controlling Sixth Circuit precedent to reject his arguments, based on *United States v. Brumbach*, 929 F.3d 791 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 974 (2020).

The Sixth Circuit has repeatedly held that *Brumbach* "closed the book on Tennessee aggravated burglary," *United States v. Tigue*, 811 F. App'x 970, 975 (6th Cir. 2020), *cert. denied sub nom. McClurg v. United States*, 141 S. Ct. 937 (2020), insofar as *Brumbach* held, in a published opinion, that *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007), is controlling. In *Nance*, the court held that an aggravated burglary conviction under Tennessee law categorically counts as a burglary under the Supreme Court's generic definition and so may count as a predicate offense under the ACCA. *Nance*, 481 F.3d at 888. *Accord United States v. Gann*, 827 F. App'x 566, 568 (6th Cir. 2020), *cert. denied*, 142 S. Ct. 1 (2021); *United States v. Brown*, 957 F.3d 679, 683 (6th

---

[1] The aggravated burglary statute in effect at the time of Betts' conviction has been superseded and is no longer in effect.

Cir. 2020) ("*Nance* is 'once again the law of this circuit.'" (quoting *Brumbach*, 929 F.3d at 794–95)); *Lurry v. United States*, 823 F. App'x 350, 355 (6th Cir. 2020) ("Simply stated, this court's precedent . . . forecloses [the defendant's] arguments that his prior Tennessee convictions do not qualify as violent felonies under the ACCA." (citing *Brumbach*, 929 F.3d at 794)); *United States v. Morris*, 812 F. App'x 341, 347 (6th Cir. 2020) (Moore, J., concurring) ("Until this court grants en banc review, we must follow *Brumbach*, no matter how 'weighty' the underlying substantive issues or how thoughtfully the issues are addressed.").

Betts' citation to *United States v. Cartwright*, 12 F.4th 572 (6th Cir. 2021), has no bearing on his case, because Cartwright was convicted under a prior version of the Tennessee burglary statute, which permitted a conviction for burglary without unlawful or unprivileged entry into a building or structure and, therefore, was broader than "generic burglary." *Id.* at 581–82.

Betts also argues aggravated burglary does not qualify as generic burglary, because the statute permits a conviction based on a mere "reckless" violation of the statute. (Doc. No. 55, at 5.) He argues that, although he pleaded guilty, he did not "admit that the burglary was intentional." (*Id.* at 4.) The court is cognizant that, when the Supreme Court denied certiorari in *Gann*, Justice Sotomayor issued a statement acknowledging that the Sixth Circuit has not yet addressed the question of "whether Tennessee aggravated burglary also comports with the requirement that generic burglary include the intent to commit a crime." *Gann v. United States*, 142 S. Ct. 1, 2 (Oct. 4, 2021). Nonetheless, regardless of the merits of Betts' argument, this court is bound by Sixth Circuit precedent to conclude that Tennessee aggravated burglary is a crime of violence under the ACCA. *See United States v. Gann*, 827 F. App'x at 569 ("Gann also argues that . . . Tennessee aggravated burglary does not qualify as generic burglary because it lacks generic burglary's intent-

to-commit-a-crime element. But several panels of this court have also treated this argument as foreclosed by *Brumbach*. In light of *Brumbach*, we do the same." (internal citations omitted)).

Based on *Gann* and *Brumach*, the court finds that Tennessee aggravated burglary, Tenn. Code Ann. § 39-14-403 (2016), qualifies as a crime of violence under the ACCA.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge